UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, PENSION TRUST, & ANNUITY TRUST, | Case No. 3:11-cv-75 <br><br> Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| D-MAC REBAR, LLC, | |
| Defendant. | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This action is before the Court on Plaintiff's motion for default judgment and damages against Defendant D-MAC Rebar, LLC. (Doc. 10). Defendant did not oppose the motion.

## I. BACKGROUND FACTS

The Plaintiffs are three employee benefit plans, the Iron Workers District Council of Southern Ohio Benefit Trust, Pension Trust, and Annuity Trust (collectively the "Trusts"). (Doc. 1 at 1). Plaintiffs entered into agreements with the Defendant that required Defendant to make contributions as stipulated in the agreements to the Trusts. (*Id.* at 4-5). Plaintiffs' allegation, which has now been adopted by the Court by virtue of the entry of default judgment (Doc. 9), is that the Defendant is delinquent with its contributions to the Trusts, in violation of the Employee Retirement Income Security Act of 1974 as amended ("ERISA"). (Doc. 1 at 1).

## II. PROCEDURAL HISTORY

Plaintiff filed this civil action on March 14, 2011. (Doc. 1). On March 26, 2011, Plaintiffs properly served Defendant with a copy of the summons and complaint. (Doc. 3). Defendant's answer was due April 18, 2011, but no answer was filed. Accordingly, the Court issued an order for Plaintiffs to seek an entry of default and file a motion for default judgment. (Doc. 4). On April 21, 2011, Plaintiffs filed a motion for entry of default, which was granted on May 16, 2011. (Docs. 6, 8, 9). Subsequently, Plaintiff filed a motion for default judgment which is currently pending before the Court. (Doc. 10).

## III. ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true. A judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. (*Id.*)

Defendant's failure to file an answer, or respond to the entry of default (Doc. 9) and the motion for default judgment (Doc. 10), make it clear that it has no intention of defending the current action. Therefore, default judgment and damages on the default judgment are warranted.

Plaintiffs filed a motion for damages, requesting: (1) $16,498.39, together with interest, and the costs of this action, for the Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust pursuant to 28 U.S.C. § 1961; (2) $20,520.55, together with interest, and the costs of this action, for the Iron Workers District Council of Southern Ohio & Vicinity Pension Trust pursuant to 28 U.S.C. § 1961; (3) $8,584.28, together with interest, and the costs of this action, for the Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust pursuant to 28 U.S.C. § 1961; (4) additional amounts in reasonable attorneys' and costs pursuant to 29 U.S.C. § 1132(g)(2)(D); (5) a permanent injunction enjoining Defendants from future violations of ERISA with respect to Plaintiffs; (6) a declaratory order requiring the Defendant to timely submit all employer reporting forms in the future; (7) a declaratory order requiring Defendant to post a sufficient bond with the Trusts as required pursuant to the Trusts' Collection Policy; and (8) that this Court retain jurisdiction over the case until Defendant complies with this Order of Default Judgment.

Plaintiffs provided a sworn affidavit from a Trust employee, Peggy Gotthardt, who was responsible for monitoring employer contributions paid to the Trusts. (Doc. 10, Ex. 2

3

at 2). Ms. Gotthardt indicated that Defendant owes the Trusts a total of $42,276.65 in delinquent contributions (principal only), divided between the Trusts as follows: $15,281.49 to the Benefit Trust; $19,005.23 to the Pension Trust; and $7,989.93 to the Annuity Trust. (*Id.* at 7-8). Additionally, Ms. Gotthardt maintains that the Defendant owes the Trusts liquidated damages in the amount of $2,387.95 (divided as follows: $872.20 to the Benefit Trust; $1,086.13 to the Pension Trust; and $429.62 to the Annuity Trust). (*Id.* at 8). Finally, Ms. Gotthardt claims that the Defendant owes interest assessments totaling $938.62 (divided as follows: $344.70 to the Benefit Trust; $429.19 to the Pension Trust; and $164.73 to the Annuity Trust). (*Id.* at 8-9).

The Court concludes that the specific monetary damages claimed are sums certain supported by an affidavit and therefore a hearing on damages in not required. The Court adopts as its own finding the sum certain of the monetary damages evidenced by the affidavit.

## IV.  CONCLUSION

Accordingly, based on the foregoing:

1. Plaintiffs' motion for default judgment and damages (Doc. 10) is **GRANTED**;

2. Plaintiffs shall be awarded judgment against D-MAC Rebar, LLC in the amount of **$45,603.22** along with prejudgment and post-judgment interest;

3. Defendant is enjoined from future ERISA violations;

4. Defendant shall timely submit all employer reporting forms;

5. Defendant shall post a sufficient bond with the Trusts as required pursuant to the Trusts' Collection Policy;

6. This Court shall retain jurisdiction pending Defendant's compliance; and

7. Plaintiffs shall submit a motion, affidavit, and supporting documents, within **14 days** of the date of this Order requesting reasonable attorneys' fees and costs.

**IT IS SO ORDERED.**

Date: 6/27/11

*Timothy S. Black*
Timothy S. Black
United States District Judge